FILED
United States Court of Appeals
Tenth Circuit

May 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAZHAR A. SAYED,

     Petitioner - Appellant,

v.

TRAVIS TRANI; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO.

     Respondents - Appellees.

No. 17-1096
(D.C. No. 1:16-CV-00926-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Hazhar A. Sayed, a Colorado prisoner appearing pro se,[1] appeals the district

court's order dismissing his application for habeas corpus and declining to issue a

certificate of appealability (COA). We agree that Sayed hasn't made a substantial

showing of the denial of a constitutional right, so exercising jurisdiction under 28

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Sayed acts pro se, we hold his pleadings to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). That said, we can't "assume the role of advocate" for him. *Id.*

U.S.C. § 2253(a), we conclude that Sayed isn't entitled to a COA and dismiss this appeal.

## BACKGROUND

In 2005, prosecutors in Broomfield County, Colorado, charged Sayed with sexual assault and second-degree kidnapping. He pleaded not guilty and stood trial twice. The jury at his first trial found him guilty of unlawful sexual contact, a lesser non-included offense of sexual assault, but couldn't reach a unanimous verdict on either charged offense (the jury declared itself "deadlocked" on those charges). *Id* at 46. At Sayed's second trial, though, the jury found him guilty of sexual assault and not guilty of kidnapping. The sentencing court then merged Sayed's sexual-assault and unlawful-sexual-contact convictions before imposing a term of twenty-four years to life in prison.

In 2007, the Colorado Court of Appeals affirmed Sayed's sentence on direct appeal (he hadn't challenged the conviction itself), and the Colorado Supreme Court denied his petition for certiorari. In 2008, and again in 2012, Sayed filed two pro se motions—the latter amended by counsel—collaterally attacking his conviction on the ground that his trial counsel and direct-appeal counsel had rendered ineffective assistance. *See* Colo. R. Crim. P. 35(c)(2), (3). The post-conviction court denied both motions without a hearing, finding that Sayed's ineffective-assistance claims failed both prongs of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 694 (1964) (requiring proof of both deficient performance and resulting prejudice to establish a Sixth Amendment violation). The Colorado Court of Appeals affirmed the

2

post-conviction court's judgment, and the Colorado Supreme Court again denied certiorari.

On April 25, 2016, Sayed (now residing at the Colorado State Penitentiary in Cañon City, Colorado) started the current action.[2] Acting pro se, he applied for a writ of habeas corpus under 28 U.S.C. § 2254, alleging several defects in the state-court proceedings against him. Sayed claimed (1) that his trial counsel had rendered ineffective assistance by failing (a) to argue that double-jeopardy principles barred his sexual-assault conviction and (b) to move for a judgment of acquittal on the sexual-assault charge because of insufficient evidence, (2) that his appellate counsel had rendered ineffective assistance by failing to present a double-jeopardy argument on direct appeal, and (3) that he should have received a new trial after one of the prosecution's witnesses recanted.

The district court denied Sayed's application without a hearing, concluding that none of the alleged defects warranted habeas relief, and declined to issue a COA. The court also certified, according to 28 U.S.C. § 1915(a)(3), that any appeal from its order wouldn't be taken in good faith, so it ordered Sayed, if he chose to appeal, either to pay the full, $505 appellate filing fee or to move this court for leave to proceed in forma pauperis.

---

[2] Over the past eight years, Sayed has filed five other cases in this court, all of which we dismissed: a habeas application challenging a different state-court conviction (for attempted felony menacing), *Sayed v. Jones*, No. 13-1035 (Apr. 22, 2013), and four prison-condition appeals, *Sayed v. Broman*, No. 15-1157 (10th Cir. Jan. 5, 2016); *Sayed v. Courtney*, No. 15-1248 (10th Cir. Sept. 15, 2015); *Sayed v. Broman*, No. 14-1499 (10th Cir. Dec. 15, 2014); and *Sayed v. Profitt*, No. 10-1491 (10th Cir. Mar. 18, 2011).

On March 13, 2017, Sayed, still acting pro se, timely filed a notice of appeal challenging the district court's dismissal of his claims. He requested leave to prosecute the appeal in forma pauperis, declaring that he was indigent and unable to afford the filing fee. In April, Sayed then filed a "Combined Opening Brief and Application for Certificate of Appealability" asking us to grant him the relief that the district court had denied.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) curbs our jurisdiction to review state prisoners' habeas proceedings. 28 U.S.C. § 2253; *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003). Denied habeas relief in district court, an applicant must first seek—and secure—a COA from this court. *Miller-El*, 537 U.S. at 335–36. A COA "may issue only . . . if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The showing needed to satisfy § 2253(c) depends on whether the district court resolved a particular claim on the merits or on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court relied on the merits, then the applicant "must demonstrate that reasonable jurists would find [its] assessment . . . debatable or wrong." *Slack*, 529 U.S. at 484. If the district court relied on procedure, however, then the applicant must show both (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and (2) "that jurists of reason would find it debatable whether the [habeas application] states a valid claim of the denial of a constitutional right." *Id.*

4

With these two approaches in mind, we address the substance of Sayed's appeal. For each of the three claims raised in his habeas application, we conduct a two-step analysis. First, we determine how the district court resolved the particular claim—on the merits or on procedural grounds? Then, using the § 2253(c) approach befitting that resolution, we assess whether Sayed is entitled to a COA on that claim.

## A. Claim One: Trial and Appellate Counsel Rendered Ineffective Assistance in Failing to Make a Double Jeopardy Argument.

In claims (1)(b) and (2) of his habeas application, Sayed argues that because neither his trial counsel nor his appellate counsel raised double jeopardy as a bar to his sexual-assault conviction, both rendered ineffective assistance. Sayed made the same ineffective-assistance claims in post-conviction proceedings, but the Colorado Court of Appeals determined that the claims failed *Strickland*'s deficient-performance prong. The state court concluded that, for two reasons, neither counsel had erred in failing to assert a double-jeopardy challenge: (1) unlawful sexual contact is a lesser *non*-included—rather than a lesser-included—offense of sexual assault, so Sayed's re-prosecution for sexual assault following his conviction for unlawful sexual contact didn't implicate double jeopardy, and (2) even assuming that unlawful sexual contact is a lesser-included offense, when a jury deadlocks on a greater charge but convicts on a lesser-included charge, the hung-jury rule trumps the implied-acquittal rule, allowing retrial on the greater charge.

The district court found that Sayed had fairly presented this claim to the state's intermediate court of appeals, thus satisfying § 2254(b)(1)'s exhaustion requirement.

5

*See* 28 U.S.C. § 2254(b)(1)(A). So the district court turned to the merits. Applying § 2254(d)(1), the court asked whether the Colorado Court of Appeals' conclusion was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

The district court acknowledged the general rule that a defendant convicted of a lesser-included offense can't be tried for a greater offense without twice being put in jeopardy for the same offense. *Brown v. Ohio*, 432 U.S. 161, 168–69 (1977). And under the implied-acquittal rule, jeopardy for both offenses ends when a jury, given a full opportunity to return a verdict on the greater charge, finds the defendant guilty of a lesser-included offense—impliedly acquitting him of the greater. *Price v. Georgia*, 398 U.S. 323, 329 (1970). But unlike an acquittal, a hung jury doesn't terminate the original jeopardy, and it doesn't bar retrial. *Richardson v. United States*, 468 U.S. 317, 326 (1984).

None of these rules, the district court found, controlled Sayed's particular situation—retrial on a greater charge after the jury expressly states that it can't agree on that charge but returns a guilty verdict on a lesser charge. And in the absence of clearly established federal law, AEDPA precluded the court from granting habeas relief. 28 U.S.C. § 2254(d)(1).

What's more, the district court noted, Sayed had raised double jeopardy in the context of ineffective-assistance-of-counsel claims, so he had to show that the Colorado Court of Appeals' application of *Strickland* met § 2254(d)(1)'s unreasonableness standard. But given the likelihood that any double-jeopardy

6

challenge would have succumbed to Colorado's hung-jury rule, Sayed had failed to show that the Colorado Court of Appeals' application of *Strickland* was wrong, much less objectively unreasonable.

The district court rejected Sayed's double-jeopardy claim on the merits, so to get a COA to challenge its ruling, Sayed needs to show that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack*, 529 U.S. at 484. But we see no room for debate in the district court's application of § 2254(d)(1) or its conclusion that, at the least, "fairminded jurists could disagree" about the correctness of the Colorado Court of Appeals' *Strickland* analysis. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Sayed's appellate brief doesn't persuade us otherwise. In urging us to grant a COA, Sayed asserts, for the first time, that collateral estoppel barred his retrial for sexual assault—and, by extension, that the district court erred in not liberally construing his double-jeopardy argument to include a collateral-estoppel component. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (explaining that the doctrine of collateral estoppel embodied in the guarantee against double jeopardy precludes the re-litigation, in a second trial for a separate offense, of any issue necessarily decided by a prior judgment of acquittal). But the district court did liberally construe Sayed's pleadings, and it fully addressed his double-jeopardy ineffective-assistance argument. That argument can't reasonably be read to state a valid collateral-estoppel claim, so the liberal-construction rule didn't require the district court to divine one. *See Hall*, 935 F.2d at 1110. And because Sayed didn't present his collateral-estoppel claim to

7

the district court, we won't consider it here. *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

Accordingly, we decline to issue a COA.

**B. Claim Two: Trial Counsel Rendered Ineffective Assistance in Not Moving for a Judgment of Acquittal Based on Insufficient Evidence.**

In his initial habeas application, Sayed argues in claim (1)(b) that his trial counsel rendered ineffective assistance in failing to move for a judgment of acquittal based on insufficient evidence. The Colorado Court of Appeals considered and rejected this claim in post-conviction proceedings, noting, after a review of the record, that defense counsel at Sayed's second trial "*did* move for a judgment of acquittal on sufficiency of the evidence grounds." R. at 32.

The district court found that, because Sayed had presented this argument to the Colorado Court of Appeals, he'd exhausted available state-court remedies and satisfied § 2254(b)(1). In a later pleading, though, Sayed asked to withdraw this claim, conceding that the trial transcripts showed his attorney moving, because of insufficient evidence, for a judgment of acquittal. The district court agreed and dismissed the claim without further analysis.

Sayed doesn't address this issue in his appellate brief, and we doubt that reasonable jurists could debate the district court's resolution of the issue, so we decline to issue a COA. *Slack*, 529 U.S. at 484.

8

**C. Claim Three: Newly Discovered Evidence Entitled Sayed to a New Trial.**

Sayed argues, in claim (3) of his habeas application, that he was entitled to a new trial because a prosecution witness had recanted her trial testimony "surrounding critical/key elements of the offense" and that the state courts had erred in denying his request for one. R. at 13.[3] Sayed had raised the new-evidence issue in state post-conviction proceedings (though apparently not on direct appeal), but the Colorado Court of Appeals upheld the trial court's denial of his motion for a new trial. Sayed, according to the state appellate court, hadn't shown that "the allegedly new evidence" of the witness's recantation (1) couldn't have been discovered with due diligence before trial, (2) was material, "not merely cumulative or impeaching" of the witness's testimony at the second trial, or (3) would probably have produced an acquittal. *Id.* at 40.

The district court, applying AEDPA's directive that a federal court entertain a state prisoner's habeas application "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," concluded that Sayed's new-evidence claim provided no basis for habeas relief. 28 U.S.C. § 2254(a). Instead, the district court deemed the argument "a 'freestanding' claim of actual innocence," unconnected to any independent constitutional violation at his trial. R. at

---

[3] Sayed later asserted, in reply to the respondents' argument that claim (3) states no federal constitutional violation, that the state courts' refusal to grant him a new trial implicated his Fourteenth Amendment right to due process. Specifically, he alleged, the prosecution had committed a *Brady* violation in failing to disclose the "exculpatory evidence" of the witness's recantation. R. at 298; *see Brady v. Maryland*, 373 U.S. 83, 87 (1963).

250–51 (citing *Herrera v. Collins*, 506 U.S. 390, 400–01 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.")). So the court dismissed claim (3) "for failure to state a cognizable claim for federal habeas corpus relief." *Id.* at 251.

Sayed's attempt to revive the claim by asserting, in a motion to reconsider, that claim (3) alleges an independent due-process violation didn't sway the district court. Whether to grant a new trial is a matter of state law, so to the extent that Sayed asserted error in the state courts' denial of his motion for a new trial, according to the district court, he failed to state a federal claim. And to the extent that Sayed linked his new-evidence claim to a *Brady* violation, the court reasoned that the claim was procedurally barred.

Sayed never raised a *Brady* claim in his state-court appeal or post-conviction proceedings, so under Colorado law, he has forfeited the claim. *See* Colo. R. Crim. P. 35(c)(3)(vii) (mandating the dismissal of "any claim that could have been presented" in an earlier appeal or post-conviction proceeding). And because the Colorado courts would find any future *Brady* claim procedurally barred, the district court concluded that an "anticipatory procedural bar" had occurred. R. at 321. To secure habeas review of the *Brady* claim now, the court noted, Sayed needed to show cause for the default and prejudice from the asserted constitutional violation—unless, that is, failure to consider his claim would result in a fundamental miscarriage of justice. Yet Sayed, according to the district court, demonstrated neither cause nor prejudice. Nor did the court find habeas review necessary to correct a miscarriage of justice, for

10

evidence of the witness's (alleged) recantation was not so persuasive that, more likely than not in light of the new evidence, any reasonable juror would have reasonable doubt about Sayed's guilt.

This dismissal relies on procedural grounds, so to get a COA challenging it, Sayed must show both (1) that jurists of reason would find the court's procedural ruling debatable and (2) that jurists of reason would debate whether Sayed stated a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484. Here, our inquiry begins and ends with the first prong.

In his appellate brief, Sayed challenges the district court's conclusion that his *Brady* claim is procedurally barred. He argues that his "initial-review postconviction counsel should have posted a challenge under *Brady*" and that, under *Martinez v. Ryan*, 566 U.S. 1, 8–9 (2012), her error in failing to do so excused the procedural default and required the district court to reach the merits of his *Brady* claim. Applicant's Opening Br. at 3(j). But Sayed misunderstands *Martinez*'s holding.

There, Arizona law prevented Martinez (or anyone else) from presenting an ineffective-assistance claim on direct appeal, so collateral proceedings provided his first chance to argue ineffective assistance at trial. *Martinez*, 566 U.S. at 4, 8. In this context, the Court labeled the proceedings "initial-review collateral proceedings." *Id.* at 8. In Martinez's initial-review collateral proceedings, though, his post-conviction counsel didn't raise any ineffective-assistance claims. *Martinez*, 566 U.S. at 4–5. Thus, when Martinez's new post-conviction counsel filed a second request for post-conviction relief alleging that he'd received ineffective assistance at trial, the state

11

courts denied relief on the theory that Martinez should have made these arguments in the first phase of the collateral proceedings. *Id.* at 6–7.

Martinez then sought federal habeas review of his ineffective-assistance-of-trial-counsel claims. *Id.* at 7. He acknowledged that the state courts had denied these claims based on a well-established state procedural rule and that the procedural-default doctrine ought to bar federal-court review, but he claimed that his first post-conviction counsel's ineffectiveness had caused the default, allowing the federal courts to consider the merits. *Id.* The federal district court in Arizona, and later the Ninth Circuit, rejected Martinez's argument. *Id.* at 7–8. Noting the general rule that the Constitution provides no right to counsel in a collateral proceeding, these courts reasoned that any errors by Martinez's initial post-conviction attorney didn't establish cause for the procedural default. *Id.* at 7–8.

The Supreme Court granted review to temper the broad statement "that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 9. It added "a narrow exception" for attorney errors in initial-review collateral proceedings for claims of ineffective assistance at trial. *Id.* at 9, 15. In all but those limited circumstances, though, the Court stressed that the general rule applies, covering "attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id.* at 16.

Unlike Arizona, Colorado permits defendants to raise, on direct appeal, claims of ineffective assistance at trial—though failure to bring these claims on direct appeal

12

doesn't forfeit post-conviction review. *See* Colo. R. Crim. P. 35(c)(3)(VIII) ("[T]he court shall not deny a postconviction claim of ineffective assistance of trial counsel on the ground that all or part of the claim could have been raised on direct appeal."). State post-conviction proceedings, then, weren't the "initial-review collateral proceedings" central to the *Martinez* Court's reasoning. Further, Sayed seems to argue that he didn't discover the witness's recantation until after trial, so his claim doesn't implicate "the bedrock principle" of effective assistance of counsel *at trial*. *Martinez*, 566 U.S. at 12 ("A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel."). These distinctions are enough, in our view, to conclude that the general rule, not the *Martinez* exception, applies here so that any error in Sayed's post-conviction counsel's failure to present a *Brady* claim does not establish cause to excuse the procedural default.

Accordingly, "a plain procedural bar" to Sayed's *Brady* claim exists, and the district court correctly invoked it. *Slack*, 529 U.S. at 484. No reasonable jurist could conclude "either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further," *id.*, so we deny a COA.

*    *    *

Last, we address Sayed's motion for leave to proceed on appeal in forma pauperis. The attached statement from Sayed's prison account shows an available balance of $258.93, less than the $505 cost of filing an appeal, so using our authority

13

under 28 U.S.C. § 1915(a)(1), we grant the motion and allow Sayed to appeal without prepaying the Tenth Circuit filing fee.

## CONCLUSION

For the reasons stated above, we decline to issue a COA on any of the three issued raised in Sayed's habeas application.

Entered for the Court

Gregory A. Phillips
Circuit Judge